NOT FOR PUBLICATION                                                    (Document No. 6)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| JUSTIN GRIFFIN, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Civil No. 12-6137 (RBK) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Justin Griffin ("Plaintiff") to vacate the Court's March 7, 2013, Order dismissing this matter pursuant to L. Civ. R. 41.1(a) and for an Order granting Plaintiff an additional thirty days in which to re-serve the summons and complaint. The Court construes this motion as one under Fed. R. Civ. P. 60(b) for relief from a final order. For the reasons stated herein, Plaintiff's motion is **GRANTED**.

**I.    BACKGROUND**

On October 1, 2012, Plaintiff filed this negligence suit against the United States of America ("Defendant") under the Federal Tort Claims Act, 28 U.S.C. § 1346 and § 2671. (Compl., Doc. No. 1.) The suit sought money damages for alleged injuries to Plaintiff's person and damage to his motor vehicle as a result of an automobile accident on or about October 7, 2010. (Id.) Plaintiff alleges that his injuries and the damage to his property resulted from the negligence of George E. Atkinson III, an employee of the United States Postal Service. (Compl. ¶¶ 6-12.)

Plaintiff was initially represented in this action by Brian Reagan, Esq., of Mullen & Reagan LLC.  (Pl.'s Mot. ¶ 4, Doc. No. 6.)  After filing Plaintiff's Complaint, Mr. Reagan avers that he attempted service by mail on Defendant on October 5, 2012.  He specifically states that on this date:

> 2 copies of the Summons and Complaint, and Notice of lawsuit and Request for Waiver of Service of Summons, and Waiver of Service forms were sent to the United States Postal Service, and the Managing Counsel Civil Practice Section of the US postal Service in Washington DC.  A copy was also mailed to Postal Service Tort Claims examiner Ann Mandernach.

(Pl.'s Mot. Ex. B ¶ 4.)  Mr. Reagan did not, however, serve the United States.

Subsequently, Mr. Reagan contacted "the Postal Tort Claims adjuster Mandernach" and states that he was advised that "the matter was assigned for the filing of an answer and defense on December 21, 2012 to Postal Attorney's office and was being handled through US attorney James Clark and Kevin Coffey."  (Id. ¶ 5.)  Mr. Reagan states that he was told by Ms. Mandernach that "she understood that that office would respond to the complaint."  (Id.)  Mr. Reagan then called Mr. Coffey, who referred Mr. Reagan to John Pine.  (Id. ¶ 6.)  Mr. Pine contacted Mr. Reagan on February 1, 2013, and "indicated that he could not ascertain whether an answer would be filed and suggested that personal service be made on the US Attorneys's [sic] office in Camden, NJ with mailed service to the Postal service and US attorney's Office in Washington."  (Id.)

On February 6, 2013, Mr. Reagan served a copy of the Summons and Complaint by first class and certified mail on the U.S. Attorney General's Office in Washington, D.C., and in Camden, New Jersey, and on the Managing Counsel-Civil Practice Section of the U.S. Postal Service.  (Id. ¶ 7; Pl.'s Mot. Ex. D.)

On February 8, 2013, a process server served the United States Attorney's Office in Camden, New Jersey with a Summons and Complaint on Plaintiff's behalf. (Pl.'s Mot. Ex. A ¶ 10, Ex. B ¶ 8, Ex. E.) The declaration of the process server on the return of service was signed and notarized on February 11, 2013. (Pl.'s Mot. Ex. E.)

Although Plaintiff was obligated to serve his Complaint and Summons on Defendant within 120 days after filing his Complaint pursuant to Fed. R. Civ. P. 4(m), he did not do so and the 120-day period expired on January 29, 2013. Accordingly, on February 21, 2013, this Court issued a Notice of Call for Dismissal pursuant to L. Civ. R. 41.1(a), noting that Plaintiff's matter had been pending for more than 120 days without any proceeding having taken place, and stating that this case would be dismissed for lack of prosecution unless sufficient cause to the contrary was shown. (Doc. No. 3.) As no further action was taken after the Court's Notice, this case was dismissed without prejudice on March 7, 2013. (Doc. No. 4.)

Throughout the 120-day period, Plaintiff attempted to contact Mr. Reagan about the status of his case, but did not receive a response. (Pl.'s Mot. Ex. A ¶ 12.) Plaintiff remained unaware of the Court's Notice and subsequent Order until on or about May 1, 2013, when Plaintiff's father, an attorney, checked the online docket to ascertain the status of this matter. (Id.) After discovering that his case had been dismissed, Plaintiff immediately retained Mr. Brett Datto, Esq. to replace Mr. Reagan as counsel. (Id.) Mr. Datto appeared on Plaintiff's behalf on May 30, 2013. (Doc. No. 5.) That same day, Plaintiff filed the instant motion to vacate the Court's March 7, 2013, Order and requested that the Court afford Plaintiff an additional thirty days in which to re-serve Defendant and proceed with the prosecution of his claim.

## II.     DISCUSSION AND ANALYSIS

Although Plaintiff does not explicitly invoke Rule 60(b)(1) in his motion or argue that his failure to comply with the Federal Rules of Civil Procedure was due to "excusable neglect", the Court construes his motion as one for relief on "excusable neglect" grounds under Rule 60(b)(1).

Rule 60(b) permits a party to seek relief from a final judgment, order, or proceeding for "mistake, inadvertence, surprise or excusable neglect," among other reasons that are not applicable to Plaintiff's instant motion. Fed. R. Civ. P. 60(b)(1). The decision to grant or deny relief pursuant to Rule 60(b) lies in the "sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances." Tobin v. Gordon, 614 F. Supp. 514, 530 (D. Del. 2009) (quoting Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981)). A party is entitled to relief under Rule 60(b) "whenever such action is appropriate to accomplish justice," but only in "extraordinary circumstances." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988) (internal quotations omitted). A showing of "extraordinary circumstances" usually suggests "that the party is faultless in the delay." Pioneer Inv. Servs. v. Brunswick Assocs., 507 U.S. 380, 393 (1993). However, the Court may grant relief, if the fault is "excusable" and the party seeks relief within one year. Id.

In Pioneer Insurance Services v. New Brunswick Associates, the Supreme Court set forth four factors to be considered when analyzing whether a party is entitled to relief under Rule 60(b)(1). 507 U.S. 380 (1993). Those factors are: "(1) danger of prejudice to the non-movants; (2) the length of delay; (3) the potential impact on judicial proceedings; and (4) the reason for the delay including whether it was within the reasonable control of the movant and whether he acted in good faith." Id. at 395. Of chief import, however, was the Court's emphasis that determining whether "excusable neglect" has been established is an equitable inquiry, and requires that the Court consider the totality of the circumstances. Id.

Here, the length of Plaintiff's delay in bringing the instant motion and the potential impact on judicial proceedings weigh in favor of granting relief.  Although the Court issued its Notice of Call for Dismissal on February 21, 2013, and dismissed this case on March 7, 2013, Plaintiff was unaware of these developments as calls to Mr. Reagan regarding the status of his case went unanswered.  (Pl.'s Mot. Ex. A ¶ 12.)  On May 1, 2013, as soon as Plaintiff learned that his case had been dismissed, he retained new counsel.  Twenty-nine days later, and approximately two months after the Court's Order of Dismissal, Plaintiff filed the instant motion. (Doc. No. 6.)  The Court finds that this two-month delay, when considered in light of the one-year time frame in which Plaintiff could bring a Rule 60(b) motion, was insignificant.  See, e.g., In re Cendant Corp. PRIDES Litig., 235 F.3d 176, 183 (2000) (the "delay in bringing the Rule 60(b) motion was three weeks . . . [t]his delay was trivial in light of the one-year outer limit for bringing a Rule 60(b) motion imposed by the Federal Rules of Civil Procedure, and under [In re O'Brien Environmental Energy, Inc., 188 F.3d 116 (1999)], in which we concluded that a two-month delay was insignificant as a matter of law").  Thus, this factor weighs in favor of finding that Plaintiff has demonstrated excusable neglect.

The Court next turns to the cause of Plaintiff's delay.  Here, the cause of the delay was Mr. Reagan's—and by extension, Plaintiff's—failure to properly comply with the requirements for service of a complaint and summons on a United States agency.  See Fed. R. Civ. P. 4(i), (m). Mr. Reagan avers that the delay can be attributed to his understanding that this matter had been assigned to the "Postal Attorney's office" and that a response to Plaintiff's Complaint was forthcoming.  (Pl.'s Mot. Ex. B ¶ 5.)  Defendant argues, however, that whether service was properly made was entirely within Plaintiff's control and that this misunderstanding does not

5

provide grounds for relief under Rule 60(b)(1).  (Def.'s Mem. in Opp'n to Pl.'s Mot. 9, Doc. No. 7.)

Although it was within Mr. Reagan's, and thus Plaintiff's, reasonable control to properly serve Defendant within the time provided by the Federal Rules, excusable neglect does not only apply "to those situations where the failure to comply is a result of circumstances beyond the [Plaintiff's] reasonable control."  O'Brien, 188 F.3d at 125.  Further, where a party acts with "reasonable haste to investigate [a] problem and to take available steps toward remedy," the party will be found to have acted in good faith.  In re Cendant Corp., 235 F.3d at 184.

Plaintiff states that he attempted to contact Mr. Reagan a number of times to discuss the status of his case, but these attempts were futile.  (Pl.'s Mot. Ex. A ¶ 12.)  Because Mr. Reagan did not respond to Plaintiff's inquiries, Plaintiff had no knowledge of the Court's Notice or subsequent Order dismissing his case.  In light of Mr. Reagan's failure to inform Plaintiff as to the status of his case, the fact that once Plaintiff discovered that his suit had been dismissed, he acted with "reasonable haste" to remedy the problems by retaining new counsel and promptly filing the instant motion, and the fact that there is no evidence that Plaintiff or Mr. Reagan acted in bad faith, the Court concludes that this factor weighs in favor of granting Plaintiff's motion.  See, e.g., Mays v. Wakefern Food Corp., No. 00-cv-6182, 2002 WL 32348528, at *2 (E.D. Pa. July 19, 2002) (concluding that "in light of plaintiff's allegations concerning his attorney's failure to inform him of pending motions when withdrawing from the case" the Pioneer factors "weigh in favor of granting plaintiff's motion pursuant to Rule 60(b)(1)").

Finally, Plaintiff argues that Defendant will not be prejudiced should the Court vacate its March 7, 2013, Order.  The Third Circuit has held that under Rule 60(b), there is no prejudice absent loss of available evidence or "increased potential for fraud or collusion."  See Feliciano v.

6

Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir.1982); Boley v. Kaymark, 123 F.3d 756, 759 (3d Cir. 1997) (same).  Here, based on the limited record at the Court's disposal, the Court is unable to make a determination as to potential prejudice.  However, in considering the totality of the circumstances—Plaintiff's good faith and prompt action in filing the instant motion, and his allegations concerning Mr. Reagan's failure to keep him informed about developments in his case—the Court finds that Plaintiff has established excusable neglect pursuant to Fed. R. Civ. P. 60(b)(1).

**III.   CONCLUSION**

For the reasons stated above, the Court will grant Plaintiff's motion.  An appropriate order shall issue today.


Dated:  10/17/2013                                                         /s/ Robert B. Kugler
                                                                                            ROBERT B. KUGLER
                                                                                            United States District Judge